MACEY A. CHAN, ESQ. (Bar No. 258470)
Macey.Chan@titleresources.com
300 Commerce, Suite 250
Irvine, California 92602
Phone: (856) 914-2629
Facsimile: (888) 485-3630

Attorney for Defendant
ANYWHERE REAL ESTATE, INC.

## UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS PHIPPS WHITE, a California Resident; | CASE NO.:  2:22-CV-04557-GW (MAAx) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| ANYWHERE REAL ESTATE, INC., parent company of WEST COAST ESCROW COMPANY, a domestic Corporation, | |
| Defendants. | DATE:  November 21, 2022<br>TIME:  8:30 a.m.<br>CTRM.: 9D, 9th Floor<br><br>Complaint Filed:  July 2, 2022<br>Judge:  Hon. George H. Wu<br>Ctrm:  9D, 9th Floor |

### TO THE ABOVE-NAMED COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on November 21, 2022 at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 9D of the above-captioned Court, located at 350 W. 1st First Street, Los Angeles, CA 90012, Defendant ANYWHERE REAL ESTATE, INC. ("Anywhere RE"), will move the Court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) on

the grounds that the complaint ("Complaint") of plaintiff NICOLAS PHIPPS WHITE ("Plaintiff") fails to state a claim upon which relief can be granted.  Specifically, Anywhere RE will move the Court as follows:

1. Plaintiff's claim for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6) against Anywhere RE.

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

This motion is made after the attempted conference between parties pursuant to L.R. 7-3[1] which was on October 11, 2022 via e-mail.  After exchanging correspondences, the parties were unable to resolve the disputes set forth in Plaintiff's operative pleading.

DATED:  October 18, 2022

By: _____

Macey A. Chan
Attorney for Defendant ANYWHERE REAL ESTATE, INC.

---

[1] Although plaintiff is appearing pro se, counsel for Anywhere RE met and conferred with Plaintiff prior to the filing of this Motion.

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff's operative Complaint for fraud seeks punitive damages in the amount of $1,077,750,000 from Anywhere RE and a Court Order directing Anywhere RE to amend a grant deed so that he is the grantee and owner of 594 South Mapleton Drive, Los Angeles, CA 90024.  Plaintiff's claim against Anywhere RE, however, fails. Plaintiff's Complaint is a rambling fairy tale narrative regarding alleged fraud that damaged him.  Plaintiff alleges that Anywhere RE knew or should have known that West Coast Escrow ("WCE") was transferring Plaintiff's purported settlement monies in connection with the July 2, 2019 sale of 594 South Mapleton Dive, Los Angeles, CA.  This is at least Plaintiff's fourth lawsuit in connection with his alleged settlement monies and Plaintiff's claims should have been brought in his prior lawsuits. Plaintiff's theory is that he has been harmed by the unauthorized and fraudulent use of his alleged settlement monies.

Moreover, the Complaint is riddled with mere conclusory references and assertions of claims which do not remotely contend any wrongdoing on the part of Anywhere RE or have any applicability to the claims asserted against Anywhere RE. For example, Plaintiff seeks to have title of the subject real property transferred to his name but Anywhere RE has not and does not have any ownership interest in the subject real property.  In fact, Plaintiff's own allegations contend that another third party is the current owner of record.  In addition, Plaintiff's fraud claim falls far short of the heightened particularity requirement.  The absence of factual allegations against Anywhere RE makes it clear that the Complaint lacks merit.  Accordingly, Anywhere RE respectfully requests that the Court grant the Motion to Dismiss without leave to amend as to all causes of action asserted against it.

### II.      FACTUAL BACKGROUND

Plaintiff alleges that he is the owner of 594 South Mapleton Drive, Los Angeles, CA 90024 (the "Property") and that the Property was purchased with

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S COMPLAINT

purported his settlement monies.  (Complaint, ¶ 18).  Plaintiff contends that his settlement monies originated from the Sovereign Tower project which was to feature an 800 room Ritz-Carlton/St. Regis luxury hotel but the settlement funds were unilaterally deposited into a Bank of America/Merrill Lynch account by Erika Girardi and Tom Girardi. (Complaint, ¶ 2).  Since 2018, Plaintiff has been seeking return of the settlement funds.  (*See* Request for Judicial Notice ("RJN"), Exhibit 1).

Further, Plaintiff alleges that "Anywhere Real Estate Inc.'s West Coast Escrow and Coldwell Banker Realty were aware of the massive fraudulent transactions" and "had knowledge of the fraud that the [Property] was to be purchased" with cash from Plaintiff's settlement funds.  (Complaint, ¶¶ 17-18, ¶ 23, ¶ 26).  Anywhere RE is alleged to be the parent company of WCE.  (Complaint, ¶ 3).

## III.   **PROCEDURAL HISTORY**

Since at least 2018, Plaintiff has tried to recover his purported settlement monies from the "Sovereign Towers" project but "he has not seen one dollar of his settlement[.]"  (Complaint, ¶ 2, ¶ 9).  The matters alleged in the Complaint have been the subject of multiple prior cases brought by Plaintiff (or those affiliated with Plaintiff).  Plaintiff continues to allege that his purported settlement monies have been fraudulently used by other parties and those involved in the unauthorized transactions should have prevented the harm and damage.

On December 9, 2018, Hollywood Land Development Company LLC[2] initiated a lawsuit against the State of Florida (the "First Lawsuit").  (*See* RJN, Exhibit 1).  The First Lawsuit alleged that Plaintiff's settlement monies from the Sovereign Towers project were stolen by the U.S. government.  Prior to the hearing on the State of Florida's Motion to Dismiss, the court dismissed the lawsuit on a technicality— plaintiff's failure to retain counsel.

On April 23, 2019, Plaintiff filed a second lawsuit and sought the return of his

---

[2] Plaintiff is the 100% owner of the Hollywood Land Development Company and the 100% owner of the California based "Sovereign Towers" project (Complaint, ¶ 2).

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S COMPLAINT

alleged settlement monies—over $6 billion dollars—again (the "Second Lawsuit"). (*See* RJN, Exhibit 2).  On April 30, 2019, the Second Lawsuit was dismissed on a technicality—plaintiff's failure to retain counsel.

On June 7, 2021, Plaintiff's wife Mirga White, filed a third lawsuit related to the settlement monies that Plaintiff had not yet received (the "Third Lawsuit").  (RJN, Exhibit 3).  On November 29, 2021, Plaintiff was named as the plaintiff in the Third Lawsuit and the second amended complaint was filed on November 29, 2021.  (RJN, Exhibit 4).  On February 26, 2022, the court dismissed Plaintiff's Third Lawsuit, with prejudice.  (RJN, Exhibit 5.)  On or around April 15, 2022, Plaintiff, however, filed a third amended complaint in the Third Lawsuit.  (RJN, Exhibit 6.)

In the Third Lawsuit, Plaintiff claimed that he is the recipient of the Sovereign Towers Settlement with the U.S. government.  (RJN, Exhibit 4 at ¶ 1.)  Plaintiff contends that Erika Girardi and Tom Girardi engaged in fraudulent activity which prevented Plaintiff from receiving his settlement monies.  (RJN, Exhibit 4 at ¶ 6.)  In addition, Plaintiff contends that Mr. Girardi created a trust account at Merrill Lynch with the Sovereign Towers Settlement and named President Joseph R. Biden, Barack Obama, William Clinton, Nancy Pelosi, and Adam Schiff as co-trustees.  (RJN, Exhibit 3 at ¶ 4.)  Notably, Plaintiff alleged that on July 2, 2019, the Property was purchased with his settlement monies from the Merrill Lynch trust account.  (RJN, Exhibit 6 at ¶¶ 18-20.)

## IV.  DISMISSAL OF ALL CLAIMS ASSERTED AGAINST ANYWHERE RE IS WARRANTED UNDER RULE 12(b)(6)

The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.] . . ."  The United States Supreme Court, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-examined this standard in the context of an antitrust case.  The Court held that plaintiffs could not satisfy Rule 8(a)(2) with mere conclusory statements; rather,

5

plaintiffs must include sufficient factual allegations to make a claim at least plausible, as opposed to merely possible.  Thus, under Rule 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. (*Twombly*, 550 U.S. at 555-56; *see also Balistreri v. Pacifica Police Dep't*., 901 F.2d 696 (9th Cir. 1990)).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court reiterated that the pleading standards articulated in *Twombly* apply to all civil actions.  Clearly, if plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  A court may disregard allegations in the body of a complaint if those allegations are contradicted by facts established by reference to documents attached to the complaint as exhibits.  (*Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987); *see also* Fed.R.Civ.P. 10(c)).

In the Complaint, Plaintiff fails to make any substantive allegations of wrongdoing by Anywhere RE.  The Complaint fails to offer even a formulaic recitation as to any alleged wrongdoing by Anywhere RE.  It is not appropriate for a court to assume that a plaintiff "can prove facts which [plaintiff] has not alleged or that the defendants have violated the … laws in ways that have not been alleged." (*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

When the foregoing authorities are applied to Plaintiff's Complaint, it becomes clear that the Complaint should be dismissed in its entirety, with prejudice, as to Anywhere RE.

## V.     PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS AS TO DEFENDANT ANYWHERE RE

Plaintiff's entire action against Anywhere RE rests on the assertion that Anywhere is the parent company of WCE. (Complaint, ¶ 3).  Then, Plaintiff refers to

both Anywhere RE and WCE as the "defendants."  Generally, "a parent company is not liable on the contract or for the tortious acts of its subsidiary simply because it is a wholly owned subsidiary.  Some other basis of liability must be established." (*Northern Natural Gas Co. v. Superior Court*, 64 Cal.App.3d 983, 991 (2009)). Plaintiff's Complaint does not include any substantive allegations as to Anywhere RE. Plaintiff does not allege how Anywhere RE was involved in the transaction at issue. Anywhere RE was not involved with escrow or purchase and sale of the Property. (Complaint, ¶ 4, ¶ 8, ¶ 26.)  Anywhere RE was not involved with marketing or soliciting offers for the Property and was not involved with drafting or recording the deed that is alleged to be fraudulent.  To the extent Plaintiff seeks to allege any alter ego theory of liability, the Complaint is silent on Anywhere RE's and WCE's individuality, separateness, and corporate formalities.  Absent any substantive or factual allegations as to Anywhere RE, Anywhere RE should be dismissed from the lawsuit.

## VI.   PLAINTIFF'S CLAIM FOR FRAUD FAILS

Plaintiff's fraud claim lacks specificity and is woefully deficient to state a claim against Anywhere RE.  The elements necessary to state a cause of action for fraud are: (1) a false representation of a material fact; (2) knowledge of the falsity (*scienter*); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.  (*Philipson & Simon v. Gulsvig,* 154 Cal. App. 4th 347, 363 (2007)).   The particularity requirement for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." (*Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979, 993 (2004); *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990)).  In claims involving fraudulent concealment, liability for concealment is imposed where the defendant is in a fiduciary relationship that imposes a duty of disclosure.  (Cal. Civ. Code § 1710.)

In addition, Federal Rule of Civil Procedure ("FRCP") 9(b) requires a cause of action for fraud to be pled with particularity and "with a high degree of

meticulousness." (*Desaigoudar v. Meyercord* 223 F3d 1020, 1022–1023 (9th Cir. 2000)).  Conclusory allegations without a factual description of the underlying conduct will not satisfy the requirements for pleading fraud with particularity and may warrant dismissal.  *In re Barr*, 188 B.R. 565, 570 (Bkrtcy.N.D.Ill.,1995), (Citing *Veal v. First Am. Sav. Bank* 914 F.2d 909, 913 (7th Cir.1990)).  Moreover, where several defendants are sued in connection with an alleged fraudulent scheme, plaintiffs must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (*Swartz v. KPMG LLP* 476 F3d 756, 764–765 (9th Cir. 2007)).

Here, Plaintiff alleges that "Defendant actually knew or should have known they were transferring funds fraudulently that belonged to Plaintiff[.]" (Complaint, ¶ 26).  Based on Plaintiff's allegations, Anywhere RE did not make any affirmative representations, let alone any misrepresentations in connection with the escrow or purchase of the Property or the settlement monies.  The alleged conduct concerns the duties of the parties to the escrow.  (Complaint, ¶¶ 26-27).  Well established law is clear that the agency created by an escrow is limited to the obligations of the escrow holder to carry out the instructions of each of the parties to the escrow.  (*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal.4th 705, 711 (2002)). Plaintiff's Complaint is silent as to the parties to the escrow and the relevant escrow instructions.

To the extent, Plaintiff seeks to allege fraudulent concealment, Plaintiff fails to allege that Anywhere RE had a duty to disclose (or the knowledge) or let alone any relationship with Plaintiff.  It still remains that Plaintiff's fraud claim fails because it lacks the particularity required such as the personnel or employee of Anywhere RE who allegedly engaged in the fraudulent conduct and when it happened.  Plaintiff fails to plead any facts to support the conclusory allegations against Anywhere RE made in support of this claim.  Accordingly, the claim is subject to dismissal without leave to amend.

## VII.   PLAINTIFF SHOULD HAVE BROUGHT HIS CLAIMS IN THE THIRD LAWSUIT

### A.   Plaintiff's Claims Are Barred By Res Judicata

Plaintiff's cause of action asserted in the instant lawsuit is barred by res judicata because it is based upon the same primary right litigated in Plaintiff's Third Lawsuit: Plaintiff's purported settlement monies were fraudulently used without his authority to fund lavish lifestyles and extravagant purchases.  No matter how Plaintiff's legal theories are pleaded, Plaintiff's claims fail.

Whether a prior state court judgment precludes relitigation of a claim raised later in a federal diversity action is determined by reference to state law.  (*See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 US 367, 373-75 (1996)).  In other words, "federal courts may not employ their own rules…in determining the effect of state judgments but must accept the rules chose by the State from which the judgment is taken.  *Id*., *citing Kremer v. Chemical Constr. Corp*., 456 U.S. 461, 481-82 (1982) (citations omitted).  Thus, under California law, res judicata:

> [D]escribes the preclusive effect of a final judgment on the merits [and] prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them . . . Under the doctrine of res judicata . . . a judgment for the defendant serves as a bar to further litigation of the same cause of action . . . A clear and predictable res judicata doctrine promotes judicial economy. Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.

*(Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002); *see also, Federal Home Loan Bank of San Francisco v. Countrywide Financial Corporation*, 214 Cal.App.4th 1520, 1527 (2013)).   Importantly, "California's res judicata doctrine is based upon the primary right theory."  *Id*.  This theory:

///

[P]rovides that a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty.  The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.  As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: 'Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.' [Citation.] The primary right must also be distinguished from the *remedy* sought: 'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.  The primary right theory is invoked when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata.

(*Id.* at 904.)  In addition, a dismissal with prejudice bars any lawsuit on the same claim because a judgment of dismissal entered is a final judgment on the merits that is entitled to res judicata effect.  (*Federal Home Loan Bank of San Francisco v. Countrywide Financial Corporation*, 214 Cal.App.4th at 1527.)

Here, Plaintiff's entire complaint is barred by res judicata because it involves the violation of the same primary right litigated in the Third Lawsuit.  Plaintiff's Third Lawsuit was a preemptive attempt to seek return of his purported stolen and embezzled settlement monies from the Sovereign Towers.  Plaintiff alleged in the Third Lawsuit that his settlement monies were wrongfully used to fund lavish

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S COMPLAINT

lifestyles for Tom Girardi and his acquaintances and more than 25 debit cards were issued from Plaintiff's purported settlement monies.  (*See* RJN, Exhibit 4, ¶ 36).  Based upon these allegations, Plaintiff claimed his funds were embezzled and the involved corporations should have prevented the alleged theft and wrongdoing.  (*See* RJN, Exhibit 4, ¶¶ 34-36).

While some of the legal theories that form the basis of Plaintiff's claims here may differ, they are all nonetheless based upon the same primary right involving the alleged embezzlement of Plaintiff's purported settlement monies.  (*See* Complaint, ¶ 2, ¶ 4, ¶ 20, ¶ 23, ¶¶ 27-28.)  Plaintiff's pending complaint, while not based entirely on the same theory of the Third Lawsuit, nonetheless involves the same primary right as it seeks return of Plaintiff's purported settlement monies.

The tie that binds the claims in Plaintiff's Third Lawsuit, and those here, is the fact that each claim seeks the return of Plaintiff's purported Sovereign Towers settlement monies which were embezzled as a result of alleged fraud and corporate negligence.  Whether based upon a legal theory premised on fraud or negligence, Plaintiff's past and present claims all involve the same primary right:  Plaintiff's attempt to recover his alleged settlement monies that were dispersed in debit cards and funded the purchase of the Property.  As a result, Plaintiff's claims here are barred by res judicata.

### B.    Plaintiff's Claims Are Barred By Collateral Estoppel

Similarly, Plaintiff's operative complaint is barred under the doctrine of collateral estoppel.  Under collateral estoppel, once an issue of fact or law has been decided by a court, the "determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  (*Montana v. U.S*., 440 U.S. 147, 153 (1979).  The elements necessary to establish collateral estoppel are: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in the former proceeding; (3) the issue was lost as a result of a final judgment in that action; and (4) the party against whom preclusion is

1  sought is the same or in privity with the party in the former proceeding.  (*United*

2  *States Internal Revenue Serv. v. Palmer (In Re Palmer),* 207 F.3d 566, 568 (9th Cir.

3  2000)).

4         Here, the Third Lawsuit and the current lawsuit concern the same issues,

5  namely, that Plaintiff's alleged settlement monies were fraudulently used without his

6  authority to fund lavish lifestyles of other individuals.  Specifically, Plaintiff contends

7  that debit cards were issued with his settlement monies and that the Property was

8  purchased with his purported settlement monies.  (*See* RJN, Exhibit 4, ¶ 34, ¶ 36; *see*

9  *also*, Complaint, ¶ 26, ¶ 30 .)  These same allegations were litigated and decided in the

10  Third Lawsuit and the court ruled against Plaintiff—dismissing the action with

11  prejudice.  (RJN, Exhibit 5).  Thus, Plaintiff's claims should be barred by the final

12  judgment in the Third Lawsuit and Anywhere RE's motion to dismiss should be

13  granted, without leave to amend.

14  **VIII.**  **CONCLUSION**

15         For the foregoing reasons, Anywhere RE respectfully requests that the Court

16  grant the Motion to Dismiss without leave to amend as to all claims asserted against it.

17

18

19  DATED:  October 18, 2022

20

21  By: _____

22      Macey A. Chan

23  Attorney for Defendant ANYWHERE REAL
ESTATE, INC.

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE,
INC. TO DISMISS PLAINTIFF'S COMPLAINT