MACEY A. CHAN, ESQ. (Bar No. 258470)
Macey.Chan@titleresources.com
300 Commerce, Suite 250
Irvine, California 92602
Phone: (856) 914-2629
Facsimile: (888) 485-3630

Attorney for Defendant
ANYWHERE REAL ESTATE, INC.

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS PHIPPS WHITE, a California Resident;<br><br>Plaintiff,<br><br>vs.<br><br>ANYWHERE REAL ESTATE, INC., BANK OF AMERICA CORPORATION; FIDELITY NATIONAL FINANCIAL INC.; MORGAN STANLEY & CO. LLC; MERRILL LYNCH, PIERCE, FENNER AND SMITH INCORPORATED; DOES 1-10 INCLUSIVE,<br><br>Defendants. | CASE NO.: 2:22-CV-04557-GW (SK)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: October 16, 2023<br>TIME: 8:30 a.m.<br>CTRM.: 9D, 9th Floor<br><br>Complaint Filed: July 2, 2022<br>Judge: Hon. George H. Wu<br>Ctrm: 9D, 9th Floor |

**TO THE ABOVE-NAMED COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 16, 2023 at 8:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 9D of the above-captioned Court, located at 350 W. 1st First Street, Los Angeles, CA 90012, Defendant ANYWHERE REAL ESTATE, INC. ("Anywhere RE"), will move the Court to dismiss the action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) on

1

the grounds that the Second Amended Complaint of plaintiff NICOLAS PHIPPS WHITE ("Plaintiff") fails to state a claim upon which relief can be granted. Specifically, Anywhere RE will move the Court as follows:

1.      Plaintiff's first cause of action for "Violation of 18 U.S.C. Section 1964(c)" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6) against Anywhere RE.

2.      Plaintiff's second cause of action for "Conversion" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6) against Anywhere RE.

3.      Plaintiff's third cause of action for "Declaratory and Injunctive Relief and Constructive Trust" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6) against Anywhere RE.

4.      Plaintiff's fourth cause of action for "Violation of California Business & Professions Code Sections 17200, et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6) against Anywhere RE.

5.      Plaintiff's fifth cause of action for "Grand Theft and Embezzlement" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6) against Anywhere RE.

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

///
///
///
///
///
///
///

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

This motion is made after the attempted conference[1] of counsel pursuant to L.R. 7-3 which was on August 29, 2023 via e-mail and on August 31, 2021 via telephone.

DATED:  September 11, 2023

By: _____

Macey A. Chan
Attorney for Defendant ANYWHERE REAL ESTATE, INC.

---

[1] Counsel for Anywhere RE contacted counsel for Plaintiff via email and telephone setting forth the grounds for Anywhere RE's Motion to Dismiss and requesting further discussion.  However, there was no further response from Plaintiff's counsel regarding the merits of the Second Amended Complaint and Anywhere RE's Motion to Dismiss.

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**I.   INTRODUCTION                                                                         8**

**II.  FACTUAL BACKGROUND                                                        9**

**III. PROCEDURAL HISTORY                                                        10**

**IV. DISMISSAL OF ALL CLAIMS ASSERTED AGAINST ANYWHERE RE IS WARRANTED UNDER RULE 12(B)(6)                                     11**

**V.   PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO ALLEGE ANY FACTS AS TO DEFENDANT ANYWHERE RE                              12**

**VI. PLAINTIFF'S CLAIM FOR "VIOLATION OF 18 U.S.C. SECTION 1964(C)" FAILS                                                              13**

**VII.   PLAINTIFF'S CLAIM FOR "CONVERSION" FAILS                14**

**VIII. PLAINTIFF'S CLAIM FOR "DECLARATORY AND INJUNCTIVE RELIEF AND CONSTRUCTIVE TRUST" FAILS                        14**

**IX. PLAINTIFF'S CLAIM FOR "VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200, ET SEQ." FAILS        16**

**X.   PLAINTIFF'S CLAIM FOR "GRAND THEFT AND EMBEZZLEMENT" FAILS                                                                      17**

**XI. PLAINTIFF SHOULD HAVE BROUGHT HIS CLAIMS IN THE THIRD LAWSUIT                                                               18**

**XII.   CONCLUSION                                                               22**

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## **TABLE OF AUTHORITIES**

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). ..................................................................................................13

*American States Ins. Co v. Kearns,* 15 F.3d 142 (9th Cir. 1994) ...............................13

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009) ...........................................10

*Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696 (9th Cir. 1990)..............................10

*Bays v. Hunter Savings Association,* 539 F.Supp. 1020 (S.D.Ohio 1982)...................12

*Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007)............10

*Desaigoudar v. Meyercord* 223 F3d 1020 (9th Cir. 2000).........................................17

*Durning v. First Boston Corp.,* 815 F.2d 1265 (9th Cir. 1987 ...................................10

*Emery v. Visa Internat. Service Ass'n.,* 95 Cal.App.4th 952 (2002) ..........................15

*Emery v. Visa Internat. Service Ass'n.,* 95 Cal.App.4th 952 (2002) ..........................15

*Federal Home Loan Bank of San Francisco v. Countrywide Financial Corporation* 214 Cal.App.4th 1520 (2013)................................................................18, 19

*Haworth,* 300 U.S. at 240-241, 57 S.Ct. at 464 .......................................................14

*Khoury v. Maly's of California, Inc.,* 14 Cal.App.4th 612 (1993) ..............................15

*Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982)...........................................17

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941) ..........................13

*Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 US 367 (1996)...............................17

*Mindys Cosmetics, Inc. v Dakar,* 611 F.3d 590 (9th Cir. 2010)..................................13

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

*Mohebbi v. Khazen*, 50 F. Supp.3d 1234 (2014)..........................................................16

*Montana v. U.S.*, 440 U.S. 147 (1979) .........................................................................20

*Mycogen Corp. v. Monsanto Co.,* 28 Cal. 4th 888 (2002) ...........................................18

*Oakdale Village Group v. Fong*, 43 Cal.App.4th 539...................................................13

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007).............................................12

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*

367 F.3d 1108, 1111 (9th Cir. 2004) ...........................................................................14

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal.App.4th 508 (2002).....15

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987)..................................14

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) ......................16

*Stansfield v. Starkey*, 220 Cal.App.3d 59 (1990) ........................................................16

*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal.4th 705

(2002) ...........................................................................................................................17

*Twombly*, 550 U.S. at 555-56......................................................................................10

**Statutes**

18 U.S.C. § 1962(a)-(d) ...............................................................................................12

18 U.S.C. § 1964(c) ......................................................................................................12

18 U.S.C. §§ 1951-1968................................................................................................12

28 U.S.C. § 2201...........................................................................................................13

Cal. Bus. & Prof. Code, § 17208...................................................................................16

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE,
INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Cal. Civ. Proc. Code § 338(c)(1)...............................................................................16

Cal. Pen. Code § 503 ...............................................................................................16

California Business & Professions Code § 17200 .....................................................15

Fed.R.Civ.P. 10(c) ...................................................................................................10

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE,
INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Despite being given an opportunity to amend the first amended complaint, Plaintiff's Second Amended Complaint continues to seek unsubstantiated damages against Anywhere RE and continues to rely on conclusory allegations.  Instead of the approximately $1.5 billion of punitive damages that Plaintiff sought in his First Amended Complaint, he now seeks $27,459,343,612 and return of his alleged real property.  Plaintiff's Second Amended Complaint still remains "fantastical" and still fails to state a claim against Anywhere RE.[2]  Plaintiff's Second Amended Complaint is a storytime narrative with conclusory allegations as to Anywhere RE.  Notably, Plaintiff contends that he negotiated a purchase and sale agreement with the Kingdom of Saudi Arabia Public Investment Fund but in August 2016, Plaintiff learned that the settlement funds due to him were not deposited into his account.  (Second Amended Complaint ("SAC"), ¶ 22, ¶ 26).  Plaintiff alleges there was another agreement wherein the United States Government agreed to pay him $27,829,774,612.  (SAC, ¶ 31).  Over the last seven years, Plaintiff alleges that the settlement funds due to him from the Kingdom and Saudi Arabia Public Investment Fund and the United States Government were misappropriated and used without his permission to purchase real property including 594 South Mapleton Drive, Los Angeles, CA 90024 ("594 South Mapleton").  Plaintiff alleges that Anywhere RE knew or should have known that it was transferring Plaintiff's purported settlement monies in connection with the July 2, 2019 sale of 594 South Mapleton.  Also, Plaintiff contends that he is the anonymous buyer of 594 South Mapleton.

This is at least Plaintiff's fourth lawsuit in connection with his alleged settlement monies from the Kingdom of Saudi Arabia Public Investment Fund and the

___

[2] In the Court's ruling on Anywhere RE's Motion to Dismiss the First Amended Complaint, the Court noted that the First Amended Complaint was "fantastical and often unintelligible."  (Ct. Docket 75, page 2).

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

United States Government.  Simply put, Plaintiff's claims should have been brought in his prior lawsuits.  Plaintiff's recycled theory is that he has been harmed by the unauthorized and fraudulent use of the alleged settlement monies.  The Second Amended Complaint continues to be riddled with mere conclusory references and assertions of claims which do not remotely contend any wrongdoing on the part of Anywhere RE or have any applicability to the claims asserted against Anywhere RE. Plaintiff continues to request to have title of 594 South Mapleton transferred to his name but Anywhere RE has not and does not have any ownership interest in the subject real properties—Anywhere RE has no ownership interest in 594 South Mapleton to transfer to Plaintiff.  Plaintiff's own allegations contend that another third party is the current owner of record.  In addition, any potential fraud claim falls far short of the heightened particularity requirement.  The absence of any factual allegations against Anywhere RE makes it clear that the Second Amended Complaint lacks merit.  Accordingly, Anywhere RE respectfully requests that the Court grant the Motion to Dismiss, in its entirety, **without leave to amend**.

## II.   FACTUAL BACKGROUND

Since August 2016, Plaintiff was aware that his purported settlement monies from the Sovereign Tower project was not wired into his bank account.  (SAC, ¶ 20, ¶¶ 22-23, ¶ 26).  Nearly two years later, in February 2018, Plaintiff contends he filed a United States Government Tort Claim.  (SAC, ¶ 29).  Then, two years later in May 2020, Plaintiff alleges he entered into a written agreement with the United States Government wherein he would receive $27,829,774,612.  (SAC, ¶ 31).  Plaintiff, however, did not receive the settlement monies because the check was given to Thomas Girardi who then embarked on a spending spree at Plaintiff's expense.  (SAC, ¶ 35).  Plaintiff alleges that the settlement funds were deposited into a Bank of America/Merrill Lynch account.  Plaintiff contends the settlement monies were used to purchase 594 South Mapleton and escrow was purportedly Anywhere RE.  (SAC, ¶¶ 42-43).

Next, Plaintiff's Second Amended Complaint alleges there was a second settlement check in the same amount that was intercepted by Erika Girardi.  (SAC, ¶¶ 60-61).  Since 2018, Plaintiff has been seeking return of the settlement funds.  (*See* Request for Judicial Notice ("RJN"), Exhibit 1).  Despite being given multiple opportunities to amend the pleadings to allege coherent factual allegations, Plaintiff's contentions, continue to fail to state a claim against Anywhere RE.

## III.   **PROCEDURAL HISTORY**

Since at least 2018, Plaintiff has tried to recover his purported settlement monies from the "Sovereign Towers" project but defendants, collectively, "wrongfully exercised and continue to exercise dominion and control over" Plaintiff's settlement monies.  (SAC, ¶ 113).  The matters alleged in the Second Amended Complaint have been the subject of multiple prior cases brought by Plaintiff (or those affiliated with Plaintiff).  Plaintiff continues to allege that his purported settlement monies have been fraudulently used by other parties and used to fund credit cards, luxury vehicles, and real property purchases.

On December 9, 2018, Hollywood Land Development Company LLC[3] initiated a lawsuit against the State of Florida (the "First Lawsuit").  (*See* RJN, Exhibit 1).  The First Lawsuit alleged that Plaintiff's settlement monies from the Sovereign Towers project were stolen by the U.S. government.  Prior to the hearing on the State of Florida's Motion to Dismiss, the court dismissed the lawsuit on a technicality—plaintiff's failure to retain counsel.

On April 23, 2019, Plaintiff filed a second lawsuit and sought the return of his alleged settlement monies—over $6 billion dollars—again (the "Second Lawsuit).  (*See* RJN, Exhibit 2).  On April 30, 2019, the Second Lawsuit was dismissed on a technicality—plaintiff's failure to retain counsel.

On June 7, 2021, Plaintiff's wife Mirga White, filed a third lawsuit related to

---

[3] Plaintiff is the 100% owner of the Hollywood Land Development Company and the 100% owner of the California based "Sovereign Towers" project (SAC, ¶ 13).

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

the settlement monies that Plaintiff had not yet received (the "Third Lawsuit").  (RJN, Exhibit 3).  On November 29, 2021, Plaintiff was named as the plaintiff in the Third Lawsuit and the second amended complaint was filed on November 29, 2021.  (RJN, Exhibit 4).  On February 26, 2022, the court dismissed Plaintiff's Third Lawsuit, with prejudice.  (RJN, Exhibit 5.)  On or around April 15, 2022, Plaintiff, however, filed a third amended complaint in the Third Lawsuit.  (RJN, Exhibit 6.)

In the Third Lawsuit, Plaintiff claimed that he is the recipient of the Sovereign Towers Settlement with the U.S. government.  (RJN, Exhibit 4 at ¶ 1.)  Plaintiff contends that Erika Girardi and Tom Girardi engaged in fraudulent activity which prevented Plaintiff from receiving his settlement monies.  (RJN, Exhibit 4 at ¶ 6.)  In addition, Plaintiff contends that Mr. Girardi created a trust account at Merrill Lynch with the Sovereign Towers Settlement and named President Joseph R. Biden, Barack Obama, William Clinton, Nancy Pelosi, and Adam Schiff as co-trustees.  (RJN, Exhibit 3 at ¶ 4.)  Notably, Plaintiff alleged that on July 2, 2019, the Property was purchased with his settlement monies from the Merrill Lynch trust account.  (RJN, Exhibit 6 at ¶¶ 18-20.)  Plaintiff's Second Amended Complaint mirror the claims in the prior lawsuit in that the settlement monies were used by others to purchase high end luxuries and real estate (SAC, ¶ 35, ¶¶ 42-43).

## IV.   DISMISSAL OF ALL CLAIMS ASSERTED AGAINST ANYWHERE RE IS WARRANTED UNDER RULE 12(b)(6)

The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.] . . ."  The United States Supreme Court, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-examined this standard in the context of an antitrust case.  The Court held that plaintiffs could not satisfy Rule 8(a)(2) with mere conclusory statements; rather, plaintiffs must include sufficient factual allegations to make a claim at least plausible, as opposed to merely possible.  Thus, under Rule 12(b)(6), dismissal is proper when

the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. (*Twombly*, 550 U.S. at 555-56; *see also Balistreri v. Pacifica Police Dep't*., 901 F.2d 696 (9th Cir. 1990)).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court reiterated that the pleading standards articulated in *Twombly* apply to all civil actions.  Clearly, if plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  A court may disregard allegations in the body of a complaint if those allegations are contradicted by facts established by reference to documents attached to the complaint as exhibits.  (*Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987); *see also* Fed.R.Civ.P. 10(c)).

In the Second Amended Complaint, Plaintiff continues to fail to make any substantive allegations of wrongdoing by Anywhere RE.  The Second Amended Complaint fails to offer even a formulaic recitation as to any alleged wrongdoing by Anywhere RE.  It is not appropriate for a court to assume that a plaintiff "can prove facts which [plaintiff] has not alleged or that the defendants have violated the … laws in ways that have not been alleged."  (*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

When the foregoing authorities are applied to Plaintiff's Second Amended Complaint, it becomes clear that the Second Amended Complaint should be dismissed in its entirety, with prejudice, as to Anywhere RE.  Plaintiff has not and cannot allege factual allegations to support his claims against Anywhere RE.

## V.   PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO ALLEGE ANY FACTS AS TO DEFENDANT ANYWHERE RE

Plaintiff's entire action against Anywhere RE rests on the assertion that Anywhere RE engaged in alleged fraudulent conduct and was aware of the purported conduct which harmed Plaintiff.  Plaintiff's pleadings, however, are silent as to how

Anywhere RE engaged in the alleged activities or that Plaintiff is really the owner of the monetary amount he puts at issue.  Plaintiff's conclusory allegations are insufficient.  Simply put, Plaintiff's Second Amended Complaint does not include any substantive allegations as to Anywhere RE, instead, Plaintiff simply concludes that West Coast Escrow Company is owned by Anywhere RE.  Plaintiff does not allege what, if anything, Anywhere RE did in connection with the transactions at issue. Anywhere RE was not involved with escrow or purchase and sale of 594 South Mapleton.  Anywhere RE was not involved with marketing or soliciting offers for 594 South Mapleton, and was not involved with drafting or recording the deeds that are alleged to be fraudulent.  Absent any substantive or factual allegations as to Anywhere RE, Anywhere RE should be dismissed from the lawsuit.

## VI.   PLAINTIFF'S CLAIM FOR "VIOLATION OF 18 U.S.C. SECTION 1964(c)" FAILS

Plaintiff's first cause of action is one for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. §§ 1951-1968.  Plaintiff contends that the predicate act is mail fraud.  (SAC, ¶ 107).  To state a claim for damages under RICO, a plaintiff has two pleading burdens.  First, a plaintiff must allege that the defendant violated Section 1962 of RICO.  In so doing, a plaintiff must allege facts supporting conduct of an enterprise through a pattern of racketeering activity." (*Odom v. Microsoft Corp*., 486 F.3d 541, 547 (9th Cir. 2007); 18 U.S.C. § 1962(a)-(d).)  Where the underlying act itself is mail or wire fraud, a plaintiff must make particularized allegations concerning the fraud.  (*Odom*, 486, F.3d 541, 554). Plaintiff must allege adequately defendant's violation of Section 1962 before turning to the second burden of invoking civil remedies under Section 1964 of RICO. (*Bays v. Hunter Savings Association*, 539 F.Supp. 1020, 1023 (S.D.Ohio 1982)). To satisfy this latter burden, Plaintiff must allege that he was "injured in his business or property by reason of a violation of section 1962." (18 U.S.C. § 1964(c)). Plaintiff's Second Amended Complaint fails to carry either pleading burden.  Plaintiff does not satisfy

the "conduct" element or provide any specific details as to how Anywhere RE was involved in any "racketeering activity."  (SAC, ¶¶ 107-111).  Plaintiff's cursory allegations without particularized factual allegations as required under Rule 9(b) fail because Plaintiff does not plead the underlying predicate act as to Anywhere RE. Accordingly, Plaintiff's first cause of action must be dismissed without leave to amend.

## VII.   PLAINTIFF'S CLAIM FOR "CONVERSION" FAILS

In a conclusory manner, Plaintiff contends that defendants, collectively, "wrongfully exercised and continue to exercise dominion and control over $27,459,343,612[.]" (SAC, ¶ 113).  Again, Plaintiff's allegations lack any factual element as to Anywhere RE.  Regardless, Plaintiff fails to allege a claim for conversion.

In California, a party must allege the following elements for conversion: "his ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by wrongful act or disposition of property rights; and (3) damages.  (*Mindys Cosmetics, Inc. v Dakar*, 611 F.3d 590, 601 (9th Cir. 2010)).  In addition, a party must also plead that defendant "assumed control over the property or that the defendant applied the property to his own use." (*Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543-44.)  Here, Plaintiff does not allege how Anywhere RE took or exercised control over the alleged settlement money.  Plaintiff contends that the wrongful acts of lavish spending were committed by third parties—not Anywhere RE.  Indeed, Anywhere RE is not alleged to be the escrow company and it did not use the settlement money for its own use.  Therefore, Anywhere RE's Motion to Dismiss should be granted.

## VIII.  PLAINTIFF'S CLAIM FOR "DECLARATORY AND INJUNCTIVE RELIEF AND CONSTRUCTIVE TRUST" FAILS

The  Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." (*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937)). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." (*American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th Cir. 1994)). As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (*Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941)). The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth,* 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted). In addition, the existence of another adequate remedy may make declaratory relief inappropriate. (Fed.R.Civ.Proc. 57).

Here, there is no occasion to define the respective rights of the parties to govern the *future* conduct of Plaintiff on the one hand and Anywhere RE on the other hand. In support of the declaratory relief claim, Plaintiff seeks relief for the actions of other third parties, namely, Thomas Girardi, Thomas Zizzo, and Erika Girardi for their purported embezzlement and fraud in connection with the use of the $27,459,343,612. (SAC, ¶ 117). There is no actual controversy involving Anywhere RE and Plaintiff's claim is subject to dismissal.

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

As to Plaintiff's request for injunctive relief, Plaintiff's claim similarly fails. An injunction can be issued only if Plaintiff demonstrates: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest. (*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004)).

Plaintiff fails to allege any facts as to Anywhere RE in support of this claim. (SAC, ¶¶ 116-118.)  Further, as discussed herein, all of Plaintiff's claims against Anywhere RE fail.  Thus, it is not likely that Plaintiff will prevail on the merits at trial as the underlying causes of action on which the injunction is based are defective.  As the requirements for an injunction cannot be met, an injunction cannot be issued since Plaintiff has no supporting claim for the same.

## IX.   PLAINTIFF'S CLAIM FOR "VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200, ET SEQ." FAILS

Plaintiff's fourth cause of action alleges violations of California Business & Professions Code § 17200, et seq. ("Section 17200").  To state a claim under the Section 17200, a plaintiff must plead with particularity, facts that establish that a defendant's business practices where "unfair," unlawful," and "fraudulent." (*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993)). Additionally, a plaintiff alleging unfair business practices under the unfair competition statutes "must state with reasonable particularity the facts supporting the statutory elements of the violation."  (*Khoury*, 14 Cal.App.4th at 619.)  Further, the concept of vicarious liability has no application to actions brought under the UCL; rather, a defendant's liability must be based on its participation in the unlawful practices and unbridled

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1   control over the practices.  (*Emery v. Visa Internat. Service Ass'n.*, 95 Cal.App.4th

2   952, 960 (2002)).

3          Here, Plaintiff contends that defendants' actions were unlawful and unfair under

4   Section 17200.  Plaintiff fails to allege any factual allegations as to Anywhere RE and

5   fails to attempt to define what unlawful, unfair or fraudulent behavior Anywhere RE

6   allegedly committed that purportedly caused Plaintiff's alleged injuries.  Plaintiff's

7   generalized claims and allegations directed towards third parties do not put Anywhere

8   RE on notice of its alleged wrongdoing that purportedly damaged Plaintiff.  Moreover,

9   Plaintiff fails to allege violation of any federal, state or local law or policy by

10  Anywhere RE to serve as the predicate for recovery under Section 17200.  (*See, e.g.,*

11  *People ex rel. Bill Lockyer v. Fremont Life Ins. Co*., 104 Cal.App.4th 508 (2002)).  As

12  discussed herein, Plaintiff's other claims (RICO, embezzlement, conversion, grand

13  theft) are contrary to statutory authority and barred by res judicata.  Lastly, to the

14  extent Plaintiff alleges wrongdoing as to his failure to receive the purported August

15  2016 payment for the Sovereign Towers  Plaintiff's claims are barred by the statute of

16  limitations which is four years. (Cal. Bus. & Prof. Code, § 17208).  Accordingly,

17  Plaintiff's claim fails.

18  **X.   PLAINTIFF'S CLAIM FOR "GRAND THEFT AND**

19  **EMBEZZLEMENT" FAILS**

20         The essence of Plaintiff's fifth claim for relief is that the actions by other third

21  parties and their use of Plaintiff's settlement funds "constituted grand theft,

22  embezzlement, and fraud" in violation of California Penal Code Sections 487 and 503.

23  (SAC, ¶ 116).

24         Plaintiff's claim for embezzlement fails because under California law,

25  embezzlement is a criminal act and there is no civil claim for embezzlement under

26  California law.  (*Mohebbi v. Khazen*, 50 F. Supp.3d 1234, 1257 (2014); see also, Cal.

27  Pen. Code § 503.)  Similarly, Plaintiff does not cite to any statute that would provide

28  for a civil claim for violation of Cal. Pen. Code § 487 for grand theft.  In addition, to

the extent Plaintiff's civil claims for criminal acts are permitted—a point which
Anywhere RE does not concede—Plaintiff's claims are barred as to his attempts to
recover the alleged settlement money because in August 2016 he was aware that the
funds were not wired into his account.  (SAC, ¶ 20, ¶¶ 22-23, ¶ 26).  An action for
recovery of specific personal property (e.g. alleged settlement money) is three years
(Cal. Civ. Proc. Code § 338(c)(1)), thus, Plaintiff's claims should have been brought
no later than August 2019.   As a result, Plaintiff's embezzlement and grand theft
claims must be dismissed with prejudice.

   To the extent Plaintiff alleges any fraud as to Anywhere RE, Plaintiff's claim
continues to lack specificity as to Anywhere RE.  The particularity requirement for
fraud mandates pleading facts that "show how, when, where, to whom, and by what
means the representations were tendered." (*Robinson Helicopter Co., Inc. v. Dana
Corp.*, 34 Cal. 4th 979, 993 (2004); *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73
(1990)).  In addition, Federal Rule of Civil Procedure ("FRCP") 9(b) requires a cause
of action for fraud to be pled with particularity and "with a high degree of
meticulousness." (*Desaigoudar v. Meyercord* 223 F3d 1020, 1022–1023 (9th Cir.
2000)).  Plaintiff's Second Amended Complaint as to any fraud claim fails in all
aspects.

   Further, Plaintiff contends that the alleged wrongful conduct regarding
Anywhere RE concerns the escrow for the subject property.  Well established law is
clear that the agency created by an escrow is limited to the obligations of the escrow
holder to carry out the instructions of each of the parties to the escrow.  (*Summit
Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal.4th 705, 711
(2002)). Plaintiff's Second Amended Complaint is silent as to the parties to the
relevant escrow instructions.  Accordingly, the claim is subject to dismissal without
leave to amend.

## XI.   <u>PLAINTIFF SHOULD HAVE BROUGHT HIS CLAIMS IN THE THIRD LAWSUIT</u>

1

### A.   Plaintiff's Claims Are Barred By Res Judicata

2   Plaintiff's causes of action asserted in the instant lawsuit is barred by res

3   judicata because it is based upon the same primary right litigated in Plaintiff's Third

4   Lawsuit: Plaintiff's purported settlement monies were fraudulently used without his

5   authority to fund lavish lifestyles and extravagant purchases.  No matter how

6   Plaintiff's legal theories are pleaded, Plaintiff's claims fail.

7   Whether a prior state court judgment precludes relitigation of a claim raised

8   later in a federal diversity action is determined by reference to state law.  (*See*

9   *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 US 367, 373-75 (1996)).  In other

10   words, "federal courts may not employ their own rules…in determining the effect of

11   state judgments but must accept the rules chose by the State from which the judgment

12   is taken.  *Id.*, *citing Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82 (1982)

13   (citations omitted).  Thus, under California law, res judicata:

14
15
16
17
18
19
20

> [D]escribes the preclusive effect of a final judgment on the
> merits [and] prevents relitigation of the same cause of action
> in a second suit between the same parties or parties in privity
> with them . . . Under the doctrine of res judicata . . . a
> judgment for the defendant serves as a bar to further
> litigation of the same cause of action . . . A clear and
> predictable res judicata doctrine promotes judicial economy.
> Under this doctrine, all claims based on the same cause of
> action must be decided in a single suit; if not brought
> initially, they may not be raised at a later date.

21
22   (*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002); *see also,*

23   *Federal Home Loan Bank of San Francisco v. Countrywide Financial Corporation*,

24   214 Cal.App.4th 1520, 1527 (2013)).  Importantly, "California's res judicata doctrine

25   is based upon the primary right theory."  *Id.*  This theory:

26
27
28

> [P]rovides that a 'cause of action' is comprised of a 'primary
> right' of the plaintiff, a corresponding 'primary duty' of the
> defendant, and a wrongful act by the defendant constituting
> a breach of that duty.  The most salient characteristic of a
> primary right is that it is indivisible: the violation of a single

19

primary right gives rise to but a single cause of action.  As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: 'Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.' [Citation.] The primary right must also be distinguished from the *remedy* sought: 'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.  The primary right theory is invoked when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata.

(*Id.* at 904.)  In addition, a dismissal with prejudice bars any lawsuit on the same claim because a judgment of dismissal entered is a final judgment on the merits that is entitled to res judicata effect.  (*Federal Home Loan Bank of San Francisco v. Countrywide Financial Corporation*, 214 Cal.App.4th at 1527.)

Here, Plaintiff's entire Second Amended Complaint is barred by res judicata because it involves the violation of the same primary right litigated in the Third Lawsuit.  Plaintiff's Third Lawsuit was a preemptive attempt to seek return of his purported stolen and embezzled settlement monies from the Sovereign Towers. Plaintiff alleged in the Third Lawsuit that his settlement monies were wrongfully used to fund lavish lifestyles for Tom Girardi and his acquaintances and more than 25 debit cards were issued from Plaintiff's purported settlement monies.  (*See* RJN, Exhibit 4, ¶ 36).  Based upon these allegations, Plaintiff claimed his funds were embezzled and

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE, INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

the involved corporations should have prevented the alleged theft and wrongdoing. (*See* RJN, Exhibit 4, ¶¶ 34-36).

While some of the legal theories that form the basis of Plaintiff's claims here may differ, they are all nonetheless based upon the same primary right involving the alleged embezzlement of Plaintiff's purported settlement monies.  (*See* SAC, ¶¶ 19-24, ¶ 26, ¶¶ 31-35.)  Plaintiff's pending complaint, while not based entirely on the same theory of the Third Lawsuit, nonetheless involves the same primary right as it seeks return of Plaintiff's purported settlement monies.

The tie that binds the claims in Plaintiff's Third Lawsuit, and those here, is the fact that each claim seeks the return of Plaintiff's purported Sovereign Towers settlement monies which were embezzled as a result of alleged fraud and unlawful behavior.  Whether based upon a legal theory premised on fraud or negligence or conversion, Plaintiff's past and present claims all involve the same primary right: Plaintiff's attempt to recover his alleged settlement monies that were dispersed in debit cards and funded the purchase of 594 South Mapleton.  As a result, Plaintiff's claims here are barred by res judicata.

## B.    Plaintiff's Claims Are Barred By Collateral Estoppel

Similarly, Plaintiff's operative complaint is barred under the doctrine of collateral estoppel.  Under collateral estoppel, once an issue of fact or law has been decided by a court, the "determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  (*Montana v. U.S.*, 440 U.S. 147, 153 (1979)).  The elements necessary to establish collateral estoppel are: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in the former proceeding; (3) the issue was lost as a result of a final judgment in that action; and (4) the party against whom preclusion is sought is the same or in privity with the party in the former proceeding.  (*United States Internal Revenue Serv. v. Palmer (In Re Palmer),* 207 F.3d 566, 568 (9th Cir.

2000)

Here, the Third Lawsuit and the current lawsuit concern the same issues, namely, that Plaintiff's alleged settlement monies were fraudulently used without his authority to fund lavish lifestyles of other individuals.  Specifically, Plaintiff contends that debit cards were issued with his settlement monies and that 594 South Mapleton was purchased with his purported settlement monies.  (*See* RJN, Exhibit 4, ¶ 34, ¶ 36; *see also*, SAC, ¶ 42 .)  These same allegations were litigated and decided in the Third Lawsuit and the court ruled against Plaintiff—dismissing the action with prejudice. (RJN, Exhibit 5).  Thus, Plaintiff's claims should be barred by the final judgment in the Third Lawsuit and Anywhere RE's motion to dismiss should be granted, without leave to amend.

## XII.  **CONCLUSION**

For the foregoing reasons, Anywhere RE respectfully requests that the Court grant the Motion to Dismiss without leave to amend as to all claims asserted against it.


DATED:  September 11, 2023


By:  Macey A. Chan
Attorney for Defendant ANYWHERE REAL
ESTATE, INC.

NOTICE OF MOTION AND MOTION OF DEFENDANT ANYWHERE REAL ESTATE,
INC. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT