## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-4557-GW-MAAx | Date | November 9, 2023 |
|---|---|---|---|
| Title | *Nicholas Phipps White v. Anywhere Real Estate Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULINGS ON DEFENDANT FIDELITY NATIONAL FINANCIAL, INC.'S MOTION TO DISMISS [88]; DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [90]; and DEFENDANT ANYWHERE REAL ESTATE, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [94]

Attached hereto is the Court's Tentative Rulings on Defendants' Motions [88, 90, 94], set for hearing on November 13, 2023 at 8:30 a.m.

:

Initials of Preparer   JG

***Nicholas Phipps White v. Anywhere Real Estate Inc.***; Case No. 2:22-cv-04557-GW-(SKx)
Tentative Rulings on (1) Defendant Fidelity National Fidelity, Inc.'s Motion to Dismiss, and (2) Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint

## I. <u>Background</u>

Plaintiff Nicholas Phipps White ("Plaintiff"), proceeding pro se, filed his initial Complaint against Anywhere Real Estate Inc. ("Anywhere") on July 2, 2022, alleging a single cause of action for fraud. *See* Complaint ("Compl."), ECF No. 1. On February 23, 2023, the Court dismissed the Complaint for failure to adequately allege the existence of subject matter jurisdiction, but granted leave to amend. *See* ECF Nos. 29, 30. Plaintiff filed a First Amended Complaint ("FAC") on March 23, 2023, which amended the jurisdictional allegations and added as defendants Bank of America, N.A.[1] ("BOA") and Fidelity National Fidelity, Inc. ("FNF") (together, with Anywhere and BOA, "Defendants"). *See* FAC, ECF No. 31. Anywhere, BOA, and FNF filed separate motions to dismiss, which the Court granted. *See* ECF Nos. 75, 77. In its order dismissing the FAC, the Court noted that the FAC was largely unintelligible, but because Plaintiff was pro se, permitted him one final opportunity to amend his pleading.

Plaintiff retained counsel and filed a Second Amended Complaint ("SAC") on August 28, 2023. *See* ECF No. 85. The SAC adds several more defendants, including Morgan Stanley and Co. LLC; Merrill Lynch, Pierce, Fenner and Smith Incorporated ("Merrill Lynch"); and individual defendants including BOA's CEO Brian Moynihan. *See id.* It also replaces Plaintiff's fraud claim with five causes of action for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; (2) conversion; (3) declaratory and injunctive relief and constructive trust; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (5) and grand theft and embezzlement.

Notwithstanding these alterations, the allegations in the SAC are equally as fantastical as were the prior iterations of the complaint.[2] The allegations are as follows: Plaintiff was the

---

[1] BOA was erroneously sued as Bank of America Corporation.

[2] The Court notes at the outset that implausible as they may be, Rule 12(b)(6) requires the Court to accept Plaintiff's well-pleaded factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) ("The sole exception to [the rule that the court must take the allegations as true] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.") (Souter, J., dissenting). And while the *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to dismiss complaints "describing fantastic or delusional scenarios," *Neitzke v. Williams*, 490 U.S. 319, 328 (1989),

1

developer of a real estate project called the "Sovereign Towers," which he sold to the Kingdom of Saudi Arabia Public Investment Fund in 2016 for $12.7 billion. *See* SAC ¶¶ 19-23. The Public Investment Fund sent Plaintiff a wire transfer for this amount, but the funds were redirected by Donald Trump and Steven Mnuchin. *Id.* ¶¶ 23-24. After discovering that his funds had been misappropriated, Plaintiff filed a tort claim against the United States, which appointed Thomas Girardi to represent it in the action. *Id.* ¶¶ 28-29. In May 2020, the Government settled with Plaintiff for $27.8 billion. *Id.* ¶ 31. The Government issued Plaintiff a settlement check, but the check was delivered to Mr. Girardi and then deposited by Mr. Girardi's stepson and wife (impersonating Plaintiff and his wife) into a fraudulent Merrill Lynch account. *Id.* ¶¶ 31-36. The Government issued Plaintiff a second settlement check, but that check was also intercepted and deposited into the fraudulent Merrill Lynch account. *Id.* ¶¶ 60-63. BOA used $14 billion of the stolen funds to fund a $25 billion stock-buy plan. *Id.* ¶¶ 64, 75. The funds were also used to purchase various properties, including "Spelling Manor" for $120 million. *Id.* ¶¶ 42-48, 93-100. Anywhere was involved in the close of escrow in connection with those sales, and FNF issued title insurance. *Id.* ¶¶ 83-87, 96, 101.

Now before the Court are (1) FNF's Motion to Dismiss, ECF No. 88; (2) BOA's Motion to Dismiss, ECF No. 90; and (3) Anywhere's Motion to Dismiss, ECF No. 94. Plaintiff filed oppositions to all three motions.[3] *See* ECF Nos. 97, 98, 99. Both Anywhere and BOA argue that Plaintiff has failed to state a claim for fraud and that Plaintiff's claims are barred by claim and/or issue preclusion based on a final judgment rendered in a related case in Florida state court. FNF moves to dismiss for failure to state a claim as well as for lack of personal jurisdiction.

## II. Legal Standard

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for "lack of jurisdiction over the person." When a defendant moves to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to establish the court's personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff may meet this burden by making a "prima facie showing of jurisdictional facts." *Id.* (quotation

---

this is presently not an *in forma pauperis* action.

[3] Because Plaintiff's three oppositions are virtually identical, references to Plaintiff's "Opposition" or "Opp." refer to Plaintiff's opposition to FNF's motion, ECF No. 99.

omitted). "Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted). "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (quotation omitted). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Under California law, "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. A court may exercise personal jurisdiction over a nonresident defendant consistently with due process only so long as there exist "minimum contacts" between the defendant and the forum, such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotations omitted).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

3

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a party's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud . . . .'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (omitting internal quotation marks). "A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'" *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)) (omitting internal quotation marks); *see also U.S. ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018). Moreover, "[t]o satisfy Rule 9(b), a fraud suit against differently situated defendants must 'identify the role of each defendant in the alleged fraudulent scheme.'" *Silingo*, 904 F.3d at 677 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)).

### III. Discussion

#### A. Personal Jurisdiction over FNF

In its Rule 12(b)(2) motion, FNF argues that none of the bases for exercising personal jurisdiction over it apply in this case. Plaintiff's opposition does not adequately respond to any of those arguments. Instead, Plaintiff merely recites the general principle that "a state can obtain general jurisdiction of a corporation by registration with the state's secretary of state even if the acts or contacts in question did not take place in forum state." Opp. at 6 (citing *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023)).[4] Even generously construing this statement as an argument that FNF is registered with the California Secretary of State, that assertion fails as it is directly controverted by an uncontested declaration submitted in support of FNF's motion. *See* Declaration of Jacob Ancona, ECF No. 88 at 13 of 16, ¶¶ 2, 4 ("FNF is not registered with the California Secretary of State and is not authorized to do business in California"); *Mavrix Photo*, 647 F.3d at 1223 (the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit" (quotation omitted)). Because Plaintiff has not made a prima facie showing of the existence of personal jurisdiction over FNF, the Court would **GRANT** FNF's motion to dismiss for lack of personal jurisdiction.

#### B. Claim and Issue Preclusion

Defendants argue that Plaintiff's claims are barred by claim and/or issue preclusion because Plaintiff (or those affiliated with him) previously filed similar lawsuits in Florida state court claiming that the purported settlement funds were misappropriated.[5] One of those lawsuits, which contained similar allegations and asserted one cause of action for negligence against BOA and Merrill Lynch, was dismissed with prejudice. *See* BOA's Request for Judicial Notice in Support of Motion to Dismiss Ex. 2, ECF No. 90-3. Defendants thus contend that Plaintiff's claims in this matter are barred by claim preclusion.

---

[4] The *Mallory* case readily distinguishable from the present litigation. In *Mallory*, the relevant Pennsylvania law provided that an out-of-state corporation "may not do business in this Commonwealth until it registers with" the Pennsylvania Department of State. 15 Pa. Cons. Stat. § 411(a). Among other things, Pennsylvania law explicit states that "qualification as a foreign corporation" permits state courts to "exercise general personal jurisdiction" over a registered foreign corporation, just as they can over domestic corporations. 42 Pa. Cons. Stat. § 5301(a)(2). California has no comparable "long-arm" statutory provision.

[5] The Court takes judicial notice of the filings in the prior action under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings").

Defendants, however, continue to brief this issue under California preclusion law. As the Court previously indicated, Florida preclusion law applies because the prior state court judgment was rendered in Florida. *See* 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) ("This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered."); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."); *see, e.g.*, *Williams v. Bank of New York Mellon*, 169 F. Supp. 3d 119, 126 (D.D.C. 2016) (applying Florida preclusion law to determine effect of Florida state court proceeding). As a result, Defendants' argument that the claims in the two actions involve the same "primary right" – the standard in California – is inapposite. Unlike California law, claim preclusion under Florida law requires showing: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made.'" *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. Dist. Ct. App. 2005) (quoting *Freehling v. MGIC Fin. Corp.*, 437 So. 2d 191, 193 (Fla. Dist. Ct. App. 1983)). It would appear to the Court that Defendants might face an uphill battle to show identity of the cause of actions in the two suits. *See id.* ("The presence of this identity is a question of 'whether the facts or evidence necessary to maintain the suit are **the same** in both actions.'" (citations omitted)). But in any event, because Defendants failed to brief the issue, their claim preclusion argument fails.

Defendants also argue that Plaintiff's claims are barred by collateral estoppel, or issue preclusion. The Florida Supreme Court has explained that doctrine as follows:

> Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that have already been decided. *Mobil Oil Corp. v. Shevin,* 354 So.2d 372, 374 (Fla.1977). The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction. *Id.* The courts have emphasized that collateral estoppel precludes relitigation of issues *actually litigated* in a prior proceeding. *See Hochstadt v. Orange Broadcast,* 588 So.2d 51 (Fla. 3d DCA 1991).

*Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 910 (Fla. 1995). California law does not appear to differ substantially in its requirements. *See Hernandez v. City of Pomona*, 46 Cal.

4th 501, 511 (2009) ("First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding."); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1021 (9th Cir. 2012).

The problem with Defendants' collateral estoppel argument is that they have not identified what the precise "issues" they claim are being relitigated are, nor why those issues are determinative of any one of Plaintiff's five causes of action (let alone all of them). Furthermore, they have not shown that those issues were actually litigated in the prior action. The court documents submitted in connection with the instant motions consist of Plaintiff's state court complaints (which the Court agrees contain similar allegations to the ones here), as well as the Florida court's dismissal order with no explanation as to the basis for the dismissal. The dismissal order simply states that "Defendants' Motion to Dismiss the Second Amended Complaint, with prejudice, is **GRANTED**." ECF No. 90-3. However, Defendants did not include the underlying motion, nor are the arguments contained therein available to the Court. Without such information, the Court cannot conclude that the dispositive issues in this case were "fully" and "actually" litigated." *B.J.M.*, 656 So. 2d 906 (citations omitted). Defendants' issue preclusion argument is thus little more than a repackaging of its claim preclusion argument – *i.e.*, that because Plaintiff previously sued BOA, it cannot do so again now. That argument fails for the reasons discussed above. Accordingly, the Court must address whether the allegations in the SAC suffice to state a claim for relief.

### C. RICO Claim

Defendants argue Plaintiff has failed to state a claim for civil RICO. "To establish a civil RICO claim, a plaintiff must establish: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property.'" *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)). Section 1961(1) provides a list of predicate "racketeering activit[ies]," including mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. Section 1961(5) defines a "pattern of racketeering activity" to require

at least two acts of racketeering activity, and the plaintiff must "show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

Civil RICO claims relying upon fraud must comply with Rule 9(b)'s demands. *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims."); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007). "In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495-96 (1985).

Defendants argue, and the Court agrees, that Plaintiff has failed to adequately plead the elements of a civil RICO claim. For example, the SAC alleges in conclusory fashion that "[t]he actions of the Defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud." SAC 107. While mail fraud is indeed a predicate act listed under 18 U.S.C. § 1961(1), the allegations in the SAC fall well short of alleging the elements of such fraud against any Defendant, let alone all of them, with the level of particularity required by Rule 9(b). *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) ("To allege a violation of mail fraud under § 1341, 'it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud.'" (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir.1986)).

Even assuming mail fraud was properly alleged, SAC does not come close to alleging a pattern of racketeering activity, which requires showing that the racketeering predicates are "related" and "amount to or pose a threat of continued criminal activity." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992) (quoting *H.J. Inc.*, 492 U.S. at 239). This "continuity" requirement "can be demonstrated by proving either 'a series of related predicates extending over a substantial period of time' or 'past conduct that by its nature projects into the future with a threat of repetition.'" *Id.* (quoting *H.J. Inc.*, 492 U.S. at 241-42); *see also H.J., Inc.*, 492 U.S. at 242 (indicating that it is "RICO's predicate acts or offenses" that "must be

continuous"). Plaintiff does not plead any of these requirements in the SAC nor address them in his opposition, but rather simply declares – citing the entirety of the SAC's factual allegations (totaling one hundred paragraphs) as support – that he has pled "with great specificity . . . a pattern of racketeering." Opp. at 4. That is plainly insufficient. Having examined the allegations in the SAC, the Court concludes that Plaintiff's RICO claim is deficient for, at a minimum, failure for allege a pattern of racketeering activity.

### D. Conversion Claim

Next, Defendants move to dismiss Plaintiff's conversion claim. "Conversion is the wrongful exercise of dominion over the property of another." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (quoting *Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 543 (1996)). "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.*; *see also G & G Prods. LLC v. Rusic*, 902 F.3d 940, 951 (9th Cir. 2018); *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015).

Anywhere and FNF argue that the SAC fails to allege that they exercised control over the alleged settlement money or any property of Plaintiff; rather, FNF issued title insurance for the property sales and Anywhere was involved in the close of escrow. Plaintiff responds that the real estate was purchased with "Defendant's assistance" and "is still in the control[]of the Defendant." Opp. at 4-5. Those unexplained, conclusory assertions do not meet the requirements for pleading a conversion claim.

As for BOA, it argues that Plaintiff's conversion claim fails because "[a] bank may not be sued for conversion of funds deposited with the bank." *Gutierrez v. Wells Fargo & Co.*, 622 F. Supp. 2d 946, 956 (N.D. Cal. 2009); *see also Crocker-Citizens Nat. Bank v. Control Metals Corp.*, 566 F.2d 631, 637 (9th Cir. 1977) ("[W]hen funds are deposited, title to those funds passes immediately to the bank. Since the money thus becomes the literal property of the bank, it cannot be tortiously converted by the bank." (citations omitted)), *abrogated on other grounds by Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564 (9th Cir. 1990). Plaintiff claims that the cases cited by BOA for this proposition are distinguishable because here a third party, not Plaintiff himself, deposited the funds at issue. However, Plaintiff fails to explain that argument at all or provide any citations to case law supporting his view. Moreover, even accepting Plaintiff's argument that BOA can be held liable because the funds were first converted by Mr. Girardi and then deposited by a

9

third party into the bank account, Plaintiff would then be required to allege that BOA received the deposit "with actual or constructive notice that the prior conversion took place." *Irving Nelkin & Co. v. S. Beverly Hills Wilshire Jewelry & Loan*, 129 Cal. App. 4th 692, 699 (2005) (citing *Oakdale*, 43 Cal. App. 4th at 546)). Plaintiff has failed to do so with anything other than conclusory allegations. *See, e.g.*, SAC ¶ 74 (alleging that "the fraud . . . had been approved 'at the highest levels' of [BOA]"). Accordingly, the Court would dismiss Plaintiff's second cause of action.

### E. Declaratory and Injunctive Relief and Constructive Trust Claim

Plaintiff's third cause of action is for "Declaratory and Injunctive Relief and Constructive Trust." These are not standalone causes of action but merely forms of relief. *See Sherman v. Wells Fargo Bank, N.A.*, No. CIV S-11-0054-KJM-EF, 2011 WL 1833090, at *2 (E.D. Cal. May 12, 2011) ("[I]njunctive and declaratory relief . . . are not causes of action but rather must be based on other, viable causes of action."); *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018) (affirming dismissal of declaratory relief claim); *Glue–Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000) (noting that constructive trust "is not an independent cause of action but merely a type of remedy for some categories of underlying wrong," and thus has "no separate viability if all of [the plaintiff's] other causes of action" fail). Because these claims are duplicative of Plaintiff's other claims (which themselves fail for the reasons discussed herein) – and for the additional reason that Plaintiff has not addressed any of the factors governing his entitlement to such relief – Plaintiff's third cause of action cannot be maintained.

### F. UCL Claim

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "A plaintiff may allege either an unlawful, an unfair, or a fraudulent act to establish liability under the UCL." *Marques v. Wells Fargo Bank, N.A.*, No. 16-cv-03973-YGR, 2016 WL 5942329, at *8 (N.D. Cal. Oct. 13, 2016) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). "As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Johnson v. Select Portfolio Servicing, Inc.*, No. 15-cv-9231-JFW (ASx), 2016 WL 837895, at *4 (C.D. Cal. Mar. 3, 2016) (citation omitted). "A business practice is 'unfair' when that practice 'either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (citing *McDonald v.*

10

*Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008)). "A business practice is 'fraudulent' if members of the public are likely to be deceived." *Id.* (citing *Prata v. Superior Ct.*, 91 Cal. App. 4th 1128, 1146 (2001)).

To the extent Plaintiff asserts a violation of the "unlawful" prong based on the predicate violations alleged in his other causes of action, his UCL claim fails along with those other claims. And to the extent Plaintiff argues the existence of a UCL violation based on "an unfair business practice in the misuse of his funds and real estate," Opp. at 6, that contention is entirely unexplained. Plaintiff fails to direct the Court to any specific allegations in the SAC which constitute an unfair business practice, let alone any case law citations supporting that theory. Accordingly, his UCL claim fails.

### G. Grand Theft and Embezzlement Claim

Finally, Plaintiff asserts a claim for grant theft and embezzlement. Because these are criminal acts, *see* Cal. Pen. Code §§ 487, 503, they "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted); *see also Sharp v. Nationstar Mortg., LLC*, 701 F. App'x 596, 598 (9th Cir. 2017) ("Under California law, there is no independent civil cause of action for embezzlement; any embezzlement claim is subsumed in a claim for conversion." (citing *In re Basinger*, 45 Cal. 3d 1348, 1363 (1988))). Plaintiff did not respond to this argument or provide any authority indicating to the contrary. Accordingly, the Court would dismiss Plaintiff's fifth cause of action.

### H. Leave to Amend

In its prior order dismissing the FAC, the Court stated that Plaintiff would "be permitted one final opportunity to amend." ECF No. 75 at 5. The SAC suffers from many of the same underlying defects as the FAC, indicating that any further amendment would be futile. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment."). Accordingly, the Court would dismiss the SAC without leave to amend and with prejudice.[6]

---

[6] Having found that Plaintiff cannot state any claim for relief against any defendant, the Court need not address arguments regarding insufficient service of process of the newly named defendants and may dismiss the action as to

### IV. Conclusion

For the foregoing reasons, the Court would **GRANT** FNF, BOA, and Anywhere's motions, and **DISMISS** the SAC without leave to amend.

---

those defendants, who are similarly situated with regards to the conduct alleged in the SAC. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (a trial court may dismiss a claim *sua sponte* under Rule 12(b)(6) and may do so "without notice where the claimant cannot possibly win relief" (citing *Wong v. Bell*, F.2d 359, 362 (9th Cir. 1981))); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (similar); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (affirming district court's dismissal with prejudice in favor of non-served, non-appearing defendants because such defendants were in a position similar to that of the moving defendants, and further amendment would be futile).